UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEANNA KAPPLER, and CHRISTIAN GUERRA on Behalf of Themselves and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GMRI, INC., OLIVE GARDEN HOLDINGS, LLC and DARDEN CORPORATION,<br><br>Defendants. | CIVIL ACTION NO.: 4:23-cv-40106-IT<br><br>COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' THIRD AMENDED
COLLECTIVE ACTION COMPLAINT & JURY DEMAND[1]**

DeAnna Kappler, and Christian Guerra ("Plaintiffs"), on behalf of themselves and on behalf of all others similarly situated, bring this Collective Action Complaint against GMRI, Inc., Olive Garden Holdings, LLC and Darden Corporation ("Defendants" or "Olive Garden"), and hereby state and allege as follows:

## I. INTRODUCTION

1. This case implicates Defendants' violations of the Fair Labor Standards Act's ("FLSA") tip credit requirements and the subsequent underpayment of their employees at the federally mandated minimum wage rate. Defendants failed to pay Plaintiffs and all similarly situated workers their earned minimum wages. Plaintiffs bring this case as a collective action under the FLSA, 29 U.S.C. § 216(b).

2. Defendants pay their tipped employees, including servers and bartenders, below the minimum wage rate by taking advantage of the tip-credit provisions of the FLSA. Under the tip-

---

[1] This Complaint is being filed with the consent of all counsel pursuant to Rule 15(a)(2).

credit provisions, an employer may under certain circumstances, pay its tipped employees less than the minimum wage rate by taking a "tip credit" against the employer's minimum wage obligations from the tips received from customers.

3. However, there are strict requirements for an employer to utilize the "tip credit." *See* 29 U.S.C. § 203(m). An employer must advise an employee in advance of its use of the tip credit pursuant to the provisions of Section 3(m) of the FLSA. *See id.* (stating that the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection."). That is, the employer must inform the employee of each requirement under section 203(m), including: (1) of the amount of the cash wage that is to be paid to the tipped employee; (2) of the amount by which the wages of the tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool; and (4) that the tip credit shall not apply to any employee who does not receive the notice.

4. Further, it is illegal for employers to require tipped employees to give up a portion of their tips to their employer or to ineligible employees, such as management or staff, who do not customarily and regularly receive tips. *See Acosta v. Osaka Japan Restaurant, Inc.*, No. CV 17-1018, 2018 WL 3397337, at *7-8 (E.D. Pa. July 12, 2018) (holding the FLSA "does not allow employers to force tipped employees to redistribute their tips to employees who do not receive tips (and who are therefore required to be paid the full minimum wage)." (citing 29 C.F.R. § 531.54; *Shahriar v. Smith & Wollensky Restaurant Grp.*, 659 F.3d 234, 240 (2d Cir. 2011); *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 551 (6th Cir. 1999); *Roussell v. Brinker Int'l, Inc.*, 441 Fed. Appx. 222, 231 (5th Cir. 2011)); *see also Portales v. MBA Inv. Co., LLC*, No. 3:13CV00001, 2014 WL 5795206, at *3 (N.D. Ohio Oct. 16, 2014 ) ("When an employer includes a non-customarily tipped

employee or another employer in a mandatory tip pool, the tip pool is invalid under the FLSA." (citing 29 U.S.C. § 203)); *Bernal v. Bankar Enter., Inc.*, 579 F. Supp. 2d 804, 810 (W.D. Tex. 2008) (employer not permitted to take the FLSA tip credit when it required waiters to pay for shortages and unpaid tabs).

5. Additionally, an employer must pay the minimum statutory hourly rate under the FLSA. *See* 29 U.S.C. § 203(m). The FLSA requires that employers comply with any State law that establishes a higher minimum wage than that established by the FLSA. *See* 29 U.S.C. § 218(a).

6. Moreover, an employer cannot pay below the minimum wage to tipped employees and require those tipped employees to perform non-tipped work that is unrelated to their tipped occupation. *See* 29 C.F.R. § 531.56(e); *see also Romero v. Top-Tier Colorado LLC*, 849 F.3d 1281, 1285 (10th Cir. 2017); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties . . . such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work."); *Osman v. Grube, Inc.*, No. 16-CV-802, 2017 WL 2908864, at *4 (N.D. Ohio July 7, 2017) (employer may not take a tip credit for the time that a tipped employee spends on work that is not related to the tipped occupation).

7. Finally, an employer cannot require its tipped employees to perform non-tipped work that is related to the employees' tipped occupation but exceeds 20% of the employees' time worked or for more than 30 consecutive minutes. 29 C.F.R. § 531.56(f); *see Marsh v. J. Alexander's, LLC*, 905 F.3d 610, 626-28 (9th Cir. 2018) (adopting 20% standard for dual jobs regulation and finding the DOL's opinion on dual jobs for tipped workers to be entitled to deference); *Fast v. Applebee's Intern., Inc.*, 638 F.3d 872, 881 (8th Cir. 2011) (granting deference

to the DOL's 20% standard); *Driver v. AppleIllinois, LLC*, No. 06 Civ. 6149, 2012 WL 3716482, at *2 (N.D. Ill. Aug. 27, 2012) ("An employer may take a tip credit only for hours worked by [an] employee in an occupation in which [he] qualifies as a tipped employee."); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (the court indirectly case its imprimatur on the DOL's aforementioned dual-jobs regulation and Field Operations Handbook, citing both the "related to" standard in 29 C.F.R. § 531.56(e) and the 20% standard in § 30d00(e)); *Flood v. Carlson Restaurants, Inc.*, No. 13 Civ. 6458 (AT), 2015 WL 1396257 (S.D.N.Y. Mar. 27, 2015) (denying Defendantss' motion to dismiss, explaining that the 20% standard is a reasonable interpretation of the FLSA and ultimately granting 216(b) notice); *Ide v. Neighborhood Restaurant Partners, LLC*, No. 13 Civ. 509 (MHC), 2015 WL 11899143, at *6 (N.D. Ga. Mar. 26, 2015) ("a reasonable interpretation of § 531.56(e) is that [plaintiff] would be entitled to minimum wage if she spends more than twenty percent of her time performing related but non-tipped duties."); *Crate v. Q's Restaurant Group, LLC*, 2014 WL 10556347, at *4 (M.D. Fla. May 2, 2014) ("[T]he Court concludes that the 20% rule clarifies the ambiguity contained in 29 C.F.R. § 531.56(e) by delineating how much time a tipped employee can engage in related, non-tipped producing activity before such time must be compensated directly by the employer at the full minimum wage rate.").

8. Defendants violated the FLSA in the following respects:

   a. **Violation for failure to inform:** Defendants failed to correctly inform Plaintiffs of the desire to rely on the tip credit to meet their minimum wage obligations. Defendants failed to properly inform Plaintiffs of the following: (1) the amount of the cash wage that is to be paid to the tipped employee; (2) the amount by which the wages of the tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee; and (4) that the tip credit shall not apply to any employee who does not receive the notice.

   b. **Violation for making illegal deductions that reduced Plaintiffs' direct wage below the minimum required hourly wage for tipped employees:** Plaintiffs were required to purchase certain clothing to work for Defendants, which

> reduced their wages below the minimum hourly wage required for tipped employees.
>
> c. **Violation for performing work unrelated to tipped occupation:** Plaintiffs were required to perform improper types, and excessive amounts, of non-tipped work, including but not limited to making salads, baking bread, cutting fruit and lemons, dusting signs and pictures, vacuuming floors, polishing silverware, doing dishes, scraping gum from underneath tables, cleaning surfaces in the restaurant with sanitizer, and performing a deep clean of the restaurant.
>
> d. **Violation for performing non-tipped side work in excess of 20% of the time spent working in the week or for more than 30 consecutive minutes:** Plaintiffs were required to perform greater than 20% of their time or for more than 30 consecutive minutes in a shift performing non-tip producing side work, including but not limited to rolling silverware, refilling condiments, restocking items, filling ice, cleaning the wait station, and brewing tea and coffee.

9. As a result of these violations, Defendants have lost the ability to use the tip credit and therefore must compensate Plaintiffs and all similarly situated workers at the full minimum wage rate, unencumbered by the tip credit, and for all hours worked. In other words, Defendants must account for the difference between the wages paid to Plaintiffs and all similarly situated workers and the minimum wage rate.

## II.   SUBJECT MATTER JURISDICTION AND VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq*.

11. Venue is proper in this judicial district as Defendants operate in this district, employ tipped workers in this district, and many of the wrongs alleged occurred in this district.

## III.   PARTIES AND PERSONAL JURISDICTION

12. Plaintiff DeAnna Kappler is an individual who previously worked for Defendants. Plaintiff's written consent to this action was previously filed with the Court.

13. Plaintiff Christian Guerra is an individual who previously worked for Defendants. Plaintiff's written consent to this action was previously filed with the Court.

14. The Class Members are all current and former tipped employees paid an hourly rate less than the minimum wage by Defendants for at least one week during the three-year period prior to the filing of this Complaint through final resolution of the Action.

15. Defendant GMRI, Inc. is a foreign corporation that conducts business in Massachusetts. Said Defendant can be served by serving its registered agent, Corporate Creations Network, Inc. at 225 Cedar Hill Street, Suite 200, Marlborough, MA 01752.

16. Defendant Olive Garden Holdings, LLC is a foreign limited liability company that conducts business in Massachusetts. Said Defendant has been served with process and has made an appearance in this case.

17. Defendant Darden Corporation is a foreign corporation that conducts business in Massachusetts. Said Defendant has been served with process and has made an appearance in this case.

18. At all times relevant to this action, Defendants have had sufficient minimum contacts with Massachusetts to confer personal jurisdiction over Defendants. Defendants conduct business in Massachusetts, contract with and employed Massachusetts residents, had Massachusetts customers, market to residents of Massachusetts, and own property in Massachusetts. Further, many of the wrongs complained of in this Complaint occurred in Massachusetts.

## IV. COVERAGE

19. At all material times, Defendants have been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

20. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

21.  At all material times, Defendants have enjoyed yearly gross revenue in excess of $500,000.

22.  At all material times, Plaintiffs were employees engaged in commerce or the production of goods for commerce.

## V. FACTS

23.  Defendants own and operate a chain of restaurants under the trade name "Olive Garden" throughout the United States. Defendants currently own and operate these restaurants in numerous states in the U.S., including Alabama, Arizona, California, Colorado, Connecticut, Florida, Georgia, Illinois, Iowa, Louisiana, Michigan, Missouri, Nebraska, Nevada, New Jersey, North Carolina, Ohio, Oklahoma, Pennsylvania, Rhode Island, Tennessee, Texas, Utah, Virginia, and Wisconsin.

24.  Olive Garden restaurants are full-service restaurants that employ tipped workers, including servers and bartenders, to provide service to customers.

25.  Defendants employed Plaintiffs and the Class Members as "tipped employees," in positions such as servers and bartenders. Servers gather orders from customers and deliver food and drinks to the customers. Servers are paid an hourly wage by Defendants and receive tips from customers. A bartender prepares and serves drinks to customers. A bartender is likewise paid an hourly wage by Defendants and receives tips from customers.

26.  However, Defendants paid these tipped workers less than the minimum wage.

27.  Defendants attempted to utilize the tip credit to meet their minimum wage obligations to their tipped employees, including Plaintiffs and the Class Members.

28. Plaintiff Kappler worked for Defendants at the Olive Garden restaurant in Bolingbrook, Illinois as a server and bartender from approximately September 2004 through June 2020. Plaintiff Kapler was paid an hourly wage that was approximately $4.90 per hour.

29. Plaintiff Guerra worked for Defendants at the Olive Garden restaurants in Springhill, Tennessee and Madison, Tennessee as a server from approximately August 2018 to May 2022. Plaintiff Guerra was paid an hourly rate of approximately $2.13 per hour.

30. The tip credit has a harmful effect on workers that threatens the health of the economy. Adasina Social Capital, a company representing investors with more than $538 billion in assets, has issued a letter to large corporations operating restaurants advising of the ills of using the tip credit.[2] The letter states as follows:

> Tipped workers are the largest group paid a subminimum wage and represent approximately six million people in the United States. The restaurant industry by far employs the largest number of tipped workers, representing 13.6 million people.
>
> **Frozen at $2.13 per hour, a tipped subminimum wage worker can be paid as little as $4,430 per year for full-time work.** As a result, in the 42 states that allow payment of a subminimum wage, tipped workers are more than twice as likely to live in poverty, and the rates are even higher for women and people of color. The subminimum wage for tipped workers has risen little since it was enacted following the emancipation of slavery, a time when employer trade associations pushing to recoup the costs of free, exploited labor.[3]

31. Given the harmful effects of the tip credit, there are strict requirements that must be met by an employer who seeks to utilize the tip credit to meet its minimum wage obligations.

32. In this case, Defendants did not satisfy the strict requirements to use the tip credit. Defendants maintained a policy and practice whereby they failed to properly provide Plaintiffs and

---

[2] *See* https://adasina.com/investor-statement-in-support-of-ending-the-subminimum-wage/ (last visited December 27, 2022)
[3] *Id.* (emphasis in original).

the Class Members with the statutorily required notice regarding (1) the amount of the cash wage that is to be paid to the tipped employee, (2) the amount by which the wages of the tipped employee are increased on account of the tip credit, (3) that all tips received by the employee must be retained by the employee, (4) that they could not be paid lower than the minimum statutory amount per hour ($2.13 per hour under the FLSA), and (5) that the tip credit shall not apply to any employee who does not receive the notice.

33. Defendants also maintained a policy and practice whereby tipped employees were required to perform non-tip producing side work unrelated to the employees' tipped occupation. As a result, Plaintiffs and the Class Members were engaged in dual occupations while being compensated at the tip credit subminimum wage rate.

34. These duties include but are not limited to the following: making salads, baking bread, cutting fruit and lemons, vacuuming floors, dusting signs and pictures, polishing silverware, doing dishes, scraping gum from underneath tables, cleaning surfaces in the restaurant with sanitizer, and performing a deep clean of the restaurant, amongst other activities that were not related to their tipped occupation.

35. Defendants also maintained a policy and practice whereby tipped employees were required to spend a substantial amount of time throughout a workweek, in excess of 20 percent or for more than 30 consecutive minutes, performing non-tip producing side work related to the employees' tipped occupation.

36. Specifically, Defendants maintained a policy and practice whereby tipped employees were required to spend a substantial amount of time performing non-tip producing side-work, including but not limited to rolling silverware, refilling condiments, filling ice, restocking items, cleaning the wait station, and brewing tea and coffee, amongst other activities.

37. Further, Defendants required Plaintiffs and Class Members to perform non-tip producing work before the restaurant opened to the public and after the restaurant closed to the public. Indeed, Defendants required Plaintiffs and the Class Members to arrive prior to the restaurants opened for business when there were no customers and no opportunity to earn tips, to perform manual labor cleaning and setup duties. Likewise, Defendants required Plaintiffs and Class Members to remain at the restaurants after they had closed to the public and when there was no opportunity to earn tips, to perform manual labor cleaning duties. At times, they spent 31 minutes upwards to 2 hours performing work before the restaurant was open and the same amount of time after the restaurant was closed performing non-tip producing work.

38. However, Defendants did not pay their tipped employees the full minimum wage rate for this work. The duties that Defendants required Plaintiffs and the Class Members to perform were duties that are customarily assigned to "back-of-the-house" employees in other establishments, who typically receive at least the full minimum wage rate.

39. During Plaintiffs' and the Class Members' employment, checklists were posted in Defendants' restaurants with numerous non-tipped duties that tipped employees were required to perform, in addition to serving customers.

40. When the tipped employees performed these non-tipped duties, they usually did not interact with customers and did not have an opportunity to earn tips.

41. Indeed, Defendants did not have a policy prohibiting tipped employees from performing certain types, or excessive amounts, of non-tipped work.

42. Defendants did not track or record all of the time the tipped employees spent performing non-tipped work at the appropriate minimum wage rate, despite having the capability to do so. Defendants' timekeeping system was capable of tracking multiple job codes for different

work assignments, but Defendants failed to track all the specific tasks for Plaintiffs and the Class Members.

43. Defendants use a point-of-sale ("POS") system to record hours worked by its tipped employees. Defendants then analyze the information collected by the POS system, including the labor costs at each of the restaurants. Defendants' timekeeping system was capable of tracking multiple job codes for different work assignments, but Defendants failed to track the specific tasks for Plaintiffs and Class Members.

44. In the POS system, Defendants can create different "clock in" codes that would allow tipped employees to record their time at the full minimum wage when performing non-tipped work.

45. However, Defendants did not allow their tipped employees to clock-in at the full minimum wage rate when performing the non-tipped work described in this Complaint.

46. Defendants' managers at the restaurants were eligible to receive bonuses, in part, based on meeting or exceeding certain labor cost targets, which created an incentive to keep the amount paid to tipped employees low.

47. Moreover, Defendants violated the FLSA by not paying the minimum "tipped" hourly rate. Defendants required their tipped employees to pay for items for their "uniform," such as specific styles of shirts, pants, belts, and specialized shoes. These clothing items were required to perform work for Defendants and were primarily for the benefit and convenience of Defendants. The costs for these items were not reimbursed by Defendants.

48. Because Defendants paid their tipped employees at the subminimum "tip credit" rate, any week in which a tipped employee was required to pay for work-related expenses for

Defendants' business, they were not paid the minimum statutory hourly rate to claim the tip credit, thereby negating Defendants' entitlement to the tip credit.

49. In other words, by requiring Plaintiffs and the Class Members to pay for these work-related expenses, their hourly rates of pay were reduced by the amount of these uniform costs. As a result, they were not even paid the minimum hourly rate necessary for Defendants to claim the tip credit.

50. Because Defendants violated the requirements to claim the tip credit, Defendants lost the right to take a credit toward their minimum wage obligation to Plaintiffs and the Class Members.

51. Defendants knew or should have known that their policies or practices violate the law, and Defendants have not made a good faith effort to comply with the FLSA. Rather, Defendants acted knowingly, willfully, and/or with reckless disregard of the law. Defendants carried and continue to carry out the illegal pattern and practice regarding its tipped employees as described in the Complaint.

## REVISED FIELD OPERATIONS HANDBOOK AND NEW DUAL JOBS REGULATION

52. On November 8, 2018, the Department of Labor issued opinion letter FLSA2018-27, which provided a standard for interpreting the dual jobs regulation that was different than the "80/20" rule that had existed at the time. However, nearly every court to have considered that opinion letter held that the opinion letter was not entitled to any deference. *See Flores v. HMS Host Corp.*, No. 8:18-cv-03312-PX, 2019 U.S. Dist. LEXIS 183906 (D. Md. Oct. 23, 2019); *Callaway v. DenOne, LLC*, No. 1:18-cv-1981, 2019 WL 1090346 (N.D. Ohio Mar. 8, 2019); *Cope v. Let's Eat Out, Inc.*, 354 F. Supp. 3d 976 (W.D. Mo. 2019); *Spencer v. Macado's, Inc.*, 399 F. Supp. 3d 545, 552-53 (W.D. Va. 2019).

53.     Therefore, the Department of Labor announced its intention to revise the dual jobs regulation in 29 C.F.R. § 531.56(e) and issued a notice of proposed rule-making on October 8, 2019.[4]

54.     After soliciting comments, the Department of Labor published its final rule on December 20, 2020, which had an effective date of March 1, 2021.[5] After delaying the effective date of the Final Rule,[6] on June 21, 2021, the Department of Labor announced "a notice of proposed rulemaking to limit the amount of non-tip producing work that a tipped employee can perform when an employer is taking a tip credit."[7]

55.     After soliciting more comments, the Department of Labor announced on October 28, 2021, the publication of a final rule (Dual Jobs final rule).[8]  The Dual Jobs Final Rule became effective December 28, 2021.[9]

56.     Under the Final Rule, an employer cannot take a tip credit for any of the time spent by a tipped worker performing any non-tipped work that exceeds 30 minutes. That is, when a tipped worker performed non-tipped work for a continuous period of time exceeding 30 minutes, the employer cannot claim the tip credit.

57.     Here, Defendants illegally required Plaintiffs and the Class Members to perform non-tip producing work for an excessive period of time. That is because Defendants required Plaintiffs and the Class Members to perform non-tipped work 31 minutes to two hours before the

---

[4]   See https://www.federalregister.gov/documents/2019/10/08/2019-20868/tip-regulations-under-the-fair-labor-standards-act-flsa (last visited May 22, 2022).
[5]   See https://www.federalregister.gov/documents/2020/12/30/2020-28555/tip-regulations-under-the-fair-labor-standards-act-flsa (last visited May 22, 2022).
[6]   See https:///www.dol.gov/agencies/whd/flsa/tips (last visited May 22, 2022).
[7]   See https://www.federalregister.gov/documents/2021/06/23/2021-13262/tip-regulations-under-the-fair-labor-standards-act-flsa-partial-withdrawal (last visited May 22, 2022).
[8]   See https://www.dol.gov/agencis/whd/flsa/tips (last visited May 22, 2022).
[9]   https://www.federalregister.gov/documents/2021/10/29/2021-23446/tip-regulations-under-the-fair-labor-standards-act-flsa-partial-withdrawal (last visited May 22, 2022).

restaurants were open to the public, throughout their shifts, and after the restaurants were closed to the public, when the restaurants did not have customers and there was no opportunity to earn tips. During this time, Defendants paid below the minimum wage rate and forced Plaintiffs and the Class Members to perform non-tip producing duties, as noted above.

58. Given that Defendants failed to comply with the requirements to take the tip credit, Defendants have lost the ability to claim the tip credit and owe Plaintiffs and the Class Members pay at the full minimum wage rate per hour for all hours they worked for Defendants.

### VI. FLSA § 216(b) COLLECTIVE ACTION ALLEGATIONS

59. Plaintiffs bring this Action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as a tipped worker and were paid an hourly rate less than the minimum wage by Defendants during the three-year period prior to the filing of this Complaint through final resolution of this Action.

60. Plaintiffs have actual knowledge, through personal observation and through conversations with their co-workers, that a collective of similarly situated workers exists who have been subjected to the same policies of Defendants with respect to the payment of the minimum wage.

61. The Class Members are similarly situated to Plaintiffs in that they share the same duties and were subject to the same violations of the FLSA.

62. Like Plaintiffs, the Class Members were not given proper notice of the tip credit provisions, performed work that was unrelated to their jobs as tipped employees, and performed a substantial amount of side work for significant periods of time.

63. Moreover, the Class Members were also subject to deductions and expenses that dropped their compensation below the minimum wage.

64. Plaintiffs and the Class Members all labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the rules in the same company handbook.

65. The names and addresses of the Class Members are available from Defendants' records. To the extent required by law, notice will be provided to these individuals by first class mail, email, text message, by posting a notice in common work/rest areas, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

66. Although the exact amount of damages may vary among the Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

67. As such, the class of similarly situated Class Members is properly defined as follows:

> **All current and former tipped employees who worked at an Olive Garden restaurant operated by Defendants and were paid an hourly rate less than the minimum wage during the three-year period prior to the filing of this Complaint through final resolution of this Action.**

## VII.   CAUSE OF ACTION

**Violation of the FLSA**
**Failure to Pay the Minimum Wage**
**On Behalf of Plaintiffs and the Class Members**

68. Plaintiffs incorporate the preceding paragraphs by reference.

69. This count arises from Defendants' violation of the FLSA in connection with their failure to pay the minimum wage. *See* 29 U.S.C. § 206.

70. Plaintiffs and the Class Members were paid hourly rates less than the minimum wage while working for Defendants.

71.     Plaintiffs and the Class Members were not exempt from the minimum wage requirements of the FLSA.

72.     Defendants' failure to comply with the minimum wage requirements of the FLSA, and, in particular, the tip credit requirements, resulted in Plaintiffs and the Class Members being paid less than the Federal minimum wage rate.

73.     Defendants' failure to pay the minimum wage to Plaintiffs and the Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. 29 U.S.C. § 255(a).

## VIII.     JURY DEMAND

74.     Plaintiffs hereby demand a trial by jury on all issues.

## IX.     PRAYER FOR RELIEF

75.     For the reasons stated herein, Plaintiffs request that judgment be entered in their favor awarding Plaintiffs and the Class Members:

    a. An order authorizing notice to be sent to all similarly situated workers and certifying this matter as a collective action pursuant to 29 U.S.C. § 216(b);

    b. Declaring that Defendants' practices violate the FLSA;

    c. Minimum wage compensation unadulterated by the tip credit;

    d. Liquidated damages;

    e. An order requiring Defendants to correct their pay practices going forward;

    f. Pre-judgment interest and post-judgment interest as provided by law;

    g. Reasonable attorneys' fees, costs, and expenses of this action; and

    h. All such other and further relief to which Plaintiffs and the Class Members may be entitled, both in law and in equity.

Date: February 2, 2024       Respectfully submitted,

        By: */s/ Don J. Foty*
           Don J. Foty (admitted pro hac vice)
           Texas Bar No. 24050022
           Hodges & Foty , LLP
           2 Greenway Plaza, Suite 250
           Houston, TX 77046
           Tel: (713) 523-0001
           dfoty@hftrialfirm.com

        AND

        By: */s/ Arnold Lizana, III*
           Arnold. J. Lizana, III
           BOB No. 646161
           Law Office of Arnold J. Lizana III, P.C.
           1350 Main Street, Suite 302
           Springfield, MA 01103
           alizana@attorneylizana.com
           Telephone: (877) 443-0999

        *Counsel for Plaintiffs and Class Members*

## **CERTIFICATE OF SERVICE**

    Plaintiffs hereby certify that the following document was filed on February 2, 2024 using the Court's ECF which will provide an electronic copy to all counsel of record.

           */s/ Don J. Foty*
           Don J. Foty